**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

KAREN WINSTEAD                                                                                PLAINTIFF

v.                                                                        CIVIL ACTION NO. 1:09-CV-104-P-A

RANDY BOX                                                                                      DEFENDANT

**ORDER**

This matter comes before the court in relation to the Fifth Circuit Court of Appeals's March 21, 2011 Opinion vacating and remanding this court's March 25, 2010 Order allowing "[d]iscovery by all parties in this case, solely pertaining to the defenses of immunity raised in the defendant's motion for summary judgment." After due consideration of the situation, the court finds as follows, to-wit:

In its Opinion, the Fifth Circuit instructed that the district court should first determine whether the plaintiff's "complaint alleges facts to overcome the defense of qualified immunity" and, if so, the district court should "allow the discovery necessary to clarify those facts upon which the immunity defense turns." If the district court finds the complaint insufficient, the Appellate Court added that "ordinarily the plaintiff is given an opportunity to amend or supplement her complaint, in order to state her 'best case.'"

In other words, the Appellate Court requires that this court first determine whether the allegations in the complaint, taken as true, could overcome qualified immunity in order to determine whether to allow discovery on the issue of whether the plaintiff can overcome qualified immunity at the summary judgment stage.

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate

1

the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). When "evaluating § 1983 claims based on allegedly unconstitutional conduct by state actors [courts] should conduct a two-prong inquiry to determine whether the state actors are entitled to qualified immunity. 'The first inquiry must be whether a constitutional right would have been violated on the facts alleged.' 'If a violation could be made out on a favorable view of the parties' submissions, the next sequential step is to ask whether the right was clearly established.' Ultimately, a state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon*, 305 F.3d at 322-323 (citing *Siegert v. Gilley*, 500 U.S. 226, 232-34 (1991); *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Wilson v. Layne*, 526 U.S. 603, 614 (1999)).

The court finds that the allegations in the Complaint, taken as true, have a reasonable chance of overcoming the defendant's qualified immunity defense as to the plaintiff's Fourth Amendment unreasonable seizure claim. The court cautions that this threshold finding is only applicable to the question of whether limited discovery should be allowed. This finding has no bearing on whether the plaintiff can meet her burden in overcoming the defendant's qualified immunity defense on the merits – *i.e.*, at the summary judgment stage.

This court notes, however, the peculiar logic posed by this situation. The court initially allowed limited qualified immunity-related discovery and the defendant appealed. The Appellate Court then vacated the order allowing limited discovery, but then instructed this court to first make a finding from the allegations in the Complaint that limited discovery was proper, or to allow the plaintiff to amend her Complaint to make her "best case" to warrant such a finding. Thus, each option would result in allowing the limited discovery which this court already allowed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The parties may engage in discovery tightly limited to the issue of qualified immunity posed in the defendant's pending motion for summary judgment; and

(2) The parties are to contact the U.S. Magistrate Judge within ten business days for instruction on the contours of this limited discovery.

**SO ORDERED** this the 1st day of April, A.D., 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE