IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KAREN WINSTEAD                                                  PLAINTIFF

v.                                              CIVIL ACTION NO. 1:09-CV-00104-GHD-SAA

RANDY BOX                                                   DEFENDANT

<u>MEMORANDUM OPINION GRANTING MOTION FOR SUMMARY JUDGMENT</u>

This matter comes before the Court upon Defendant's motion for summary judgment [11]. After due consideration of the motion and the responses filed thereto, the Court is prepared to rule.

*A. Summary Judgment Standard*

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to

1

"go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).

## B. Discussion

As explained in the Court's September 6, 2011 Order granting in part and denying in part Defendant's motion to reconsider the Court's prior ruling allowing immunity-related discovery, Defendant made a very strong case that Officer Box had probable cause to arrest the plaintiff under Mississippi's "common-law" DUI statute, which provides: "It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor." MISS. CODE ANN. § 63-11-30(1)(a). It is clearly established that (a) Plaintiff and her primary witness Wendy Hellum admit that Plaintiff had been drinking on the night in question; (b) Plaintiff was, in fact, driving her vehicle when stopped at the roadblock by Officer Box; (c) there was at least one other person in the vehicle with Plaintiff who had also been drinking; (d) Plaintiff admitted to Officer Box at the roadblock that she had been drinking, even though she claims she was not intoxicated and did not admit to being intoxicated; and (e) Plaintiff's blood alcohol level tested at 0.05% at the station approximately only thirty minutes after she was arrested at the roadblock by Officer Box. The significance of this latter fact is that although it does not establish that the plaintiff's BAC was above the legal limit of 0.08% as required by Miss. Code Ann. § 63-11-30(1)(c), Mississippi's other DUI statute, it does establish that Plaintiff had been drinking that night.

Plaintiff asserts two causes of action: false arrest and retaliation for exercising her First Amendment right to freedom of speech. In this case, both causes of action require Plaintiff to show a lack of probable cause.

Regarding false arrest, the Fifth Circuit in *Brown v. Lyford* ruled that "[t]he 'constitutional tort[ ]' of false arrest . . . require[s] a showing of no probable cause." 243 F.3d 185, 189 (5th Cir. 2001); *accord Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (qualified immunity protects government officials from a charge of wrongful arrest where a reasonable official would believe probable cause was present); *Thomas v. Kipperman*, 846 F.2d 1009, 1011 (5th Cir. 1988) ("Claims of false arrest . . . involve the guarantees of the fourth and fourteenth amendments when the individual complains of an arrest, detention, and prosecution without probable cause.").

As to Plaintiff's First Amendment retaliation claim, the United States Supreme Court in *Hartman v. Moore* observed that the lack of probable cause is a required element for such claims and held that "it must be pleaded and proven." 547 U.S. 250, 265–66 (2006); *see also Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008) ("If [probable cause] exists, any argument that the arrestee's speech as opposed to her criminal conduct was the motivation for her arrest must fail, no matter how clearly that speech may be protected by the First Amendment.").

Summary judgment standards require the plaintiff to show the existence of a genuine, material dispute of fact in order to warrant a trial and denial of a motion for summary judgment. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *So. Distr. Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978). Although there are disputes as to some of the facts in this case–such as whether or not Plaintiff, in fact, failed the two breathalyzer tests administered by Officer Box at the roadblock, or whether

Officer Box was belligerent to the plaintiff because of her political speech–the "material" fact in this instance is whether Officer Box had probable cause to arrest Plaintiff for DUI. If he did, Plaintiff's two claims fail as a matter of law. Since Plaintiff has failed to submit substantial evidence demonstrating a genuine issue of fact of whether or not Officer Box had probable cause to arrest Plaintiff for common-law DUI, based on the undisputed facts discussed above, summary judgment should be granted.

*C. Conclusion*

For the reasons discussed above, the Court concludes that Defendant's motion for summary judgment [11] should be sustained. A separate order in accordance with this opinion shall issue this day.

This, the 13th day of February, 2012.

_____
SENIOR JUDGE